IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES C. HECKARD,

       Petitioner,                    No. CIV S-03-0023 DFL EFB P

   vs.

TOM L. CAREY, Warden,

       Respondent.              ORDER

                               /

        On November 1, 2006, the court held a further status conference in this matter regarding the evidentiary hearing scheduled for January 23, 2007. Accordingly, the court now makes the following findings and orders in regard to the evidentiary hearing:

<u>Witnesses</u>

        On or before fifteen days prior to the hearing the parties shall provide witness lists to opposing counsel. Except as provided below, no person omitted from that list will be permitted to testify. Each party may call any witnesses designated by the other.

        1. No other witness will be permitted to testify unless:

                a. The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence which could not be reasonably anticipated prior to the evidentiary hearing.

                b. The witness was discovered after the exchange of witnesses and the

1

proffering party makes the showing required in "2," below.

2. Within the fifteen-day period prior to the evidentiary hearing, the party shall promptly inform the court and opposing parties of the existence of the unlisted witnesses so that the court may consider at the evidentiary hearing whether the witnesses shall be permitted to testify.  The witnesses will not be permitted unless:

    a. The witnesses could not reasonably have been discovered prior to the exchange of witness lists;

    b. The court and the opposing party were promptly notified upon discovery of the witnesses;

    c. If time permitted, the party proffered the witnesses for deposition; or

    d. If time did not permit, a reasonable summary of the witnesses' testimony was provided to the opposing party.

<u>Exhibits, Schedules and Summaries</u>

Both parties shall exchange copies of their exhibits fifteen days prior to the evidentiary hearing.  Any objections to exhibits may be raised at the hearing.

Petitioner will use numbers to mark exhibits; respondent will use letters.

1. No other exhibits will be permitted to be introduced unless:

    a. The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence which could not have been reasonably anticipated, or

    b. The exhibit was discovered after the exchange of exhibits and the proffering party makes the showing required in Paragraph "2" below.

2. Within the fifteen-day period prior to the evidentiary hearing, the parties shall promptly inform the court and opposing party of the existence of such exhibits so that the court may consider their admissibility at the evidentiary hearing.  The

2

exhibits will not be received unless the proffering party demonstrates:

    a. The exhibits could not reasonably have been discovered earlier;

    b. The court and the opposing party were promptly informed of their existence; or

    c. The proffering party forwarded a copy of the exhibit(s) (if physically possible) to the opposing party.  If the exhibit(s) may not be copied, the proffering party must show that he has made the exhibit(s) reasonably available for inspection by the opposing party.

The parties are directed to each bring an "exhibit book" containing copies of their exhibits to the evidentiary hearing.  The "exhibit book" is for bench use during trial.

<u>Trial Briefs</u>

The parties shall file and serve trial briefs no later that fifteen days prior to the evidentiary hearing.  The briefs shall succinctly set forth the parties views as to the factual and legal issues to be resolved at the hearing.  The briefs shall specifically identify the material issues of fact that are in dispute and must be decided by way of the evidentiary hearing.  The briefs shall outline and succinctly describe the anticipated testimony of each witness as to those issues.  Counsel shall specifically address the material factual and credibility issue(s) which necessitated the evidentiary hearing to resolve the petition.

Respondent has raised the question of whether petitioner has waived the attorney client privileged as to certain communications between the petitioner and his former counsel. Specifically, petitioner alleges that his former attorneys denied him effective assistance of counsel and failed to inform him of an offer of a plea agreement.  Although it would ordinarily appear that by placing those communications in issue and attacking the effectiveness of representation of his prior counsel petitioner has waived the privilege, the parties shall address this issue in their respective trial briefs.

////

Miscellaneous

Counsel shall prepare and file the appropriate writ ad testificandum filings if the presence of petitioner or any other incarcerated witness is desired.  Petitioner shall file these writs at least thirty days prior to the hearing.  The parties shall otherwise make their own arrangements for the attendance of non-incarcerated witnesses and prepare and serve any needed trial subpoenas to assure their attendance.

Before December 1, 2006, the parties shall make any discovery requests.  If possible, the parties shall submit a stipulation as to these requests.  If the parties disagree regarding discovery, the court will determine what discovery is appropriate.

Accordingly, IT IS HEREBY ORDERED that

1.  Before December 1, 2006, the parties shall make any discovery requests; and

2.  An evidentiary hearing is scheduled for January 23, 2006, at 10:00 a.m. before the undersigned.  The parties shall prepare for hearing in accordance with the terms set forth in this order.

DATED:   November 13, 2006.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE